UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KATHRYN MACQUEEN,
    Plaintiff,

v.                                      Case No: 6:16-cv-2108-Orl-28KRS

GEICO INDEMNITY COMPANY,
    Defendant.

## ORDER

Kathryn MacQueen commenced this action on November 9, 2016, by filing a Complaint in state court seeking a declaratory judgment against GEICO Indemnity Company. (Compl., Doc. 6). GEICO removed the case to this Court on December 8, 2016, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332. (Notice of Removal, Doc. 1). Now before the Court is MacQueen's Motion for Remand (Doc. 5), which asserts that GEICO has not established the requisite amount in controversy for diversity jurisdiction. MacQueen's motion has merit.

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[] may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The original jurisdiction of district courts includes jurisdiction of civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).

"On a motion to remand, the removing party bears the burden of showing the existence of federal subject matter jurisdiction." Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). Where the plaintiff does not

plead "a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective." Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000).

MacQueen asserts that GEICO has not met its burden of establishing an amount in controversy in excess of $75,000.00, and the Court agrees. In the Complaint, MacQueen alleges that she purchased motor vehicle insurance from GEICO in October 2015 and was involved in collision with a negligent driver in California in February 2016. (Doc. 6 ¶¶ 4-6, 8). As a result of the collision, MacQueen suffered bodily injury and her vehicle was damaged. (Id. ¶ 7). MacQueen made a claim under her policy with GEICO, but GEICO denied the claim, asserting that prior to the collision the policy lapsed or was canceled due to nonpayment. (Id. ¶ 14; Doc. 5 at 2; Doc. 13 at 2). MacQueen's Complaint seeks a declaratory judgment as to coverage under her policy with GEICO. It does not seek damages or assert an amount in controversy, though it does demand attorney's fees under two Florida statutes.

In its Notice of Removal, GEICO states as follows with regard to the amount in controversy: "[T]he pleading rules in Florida Circuit Court permit a Plaintiff to make general allegations regarding damages. However, since the Plaintiff's Complaint seeks a Declaratory Judgment as to coverage, the damages could foreseeably exceed $75,000.00, in accordance with 28 U.S.C. § 1332(a)." (Doc. 1 at 2). In its Response to MacQueen's Motion for Remand, GEICO reiterates its contention that "the amount in controversy could

2

foreseeably exceed $75,000.00." (Doc. 13 at 3). GEICO's Response then relies on MacQueen's demand for attorney's fees in the Complaint as support for the amount in controversy.

GEICO has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. GEICO focuses on MacQueen's demand for attorney's fees and cites a case in which the Fifth Circuit Court of Appeals affirmed the denial of a motion for remand where the lawsuit entitled a class of plaintiffs to attorney's fees. (Doc. 13 at 4 (citing Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002))). The instant case, however, is not a class action, and in Manguno the removing defendant submitted an affidavit stating that attorney's fees for the putative class would likely exceed $75,000.00. 276 F.3d at 724. GEICO has presented no evidence or estimate here. GEICO instead merely asserts that attorney's fees are properly part of the amount-in-controversy calculus and that MacQueen has made a claim for attorney's fees; this is not sufficient to establish the requisite amount in controversy by a preponderance of the evidence.[1] GEICO has not established the amount in controversy on any other basis either,[2] and this case therefore must be remanded to state court.

---

[1] Another judge in this district recently noted that courts in this circuit are divided on whether—in evaluating attorney's fees as part of the amount in controversy—"to include the projected amount of attorney's fees or only attorney's fees as of the time of removal." Miller Chiropractic & Med. Ctrs., Inc. v. Progressive Select Ins. Co., Case No. 8:16-cv-3034-T-33MAP, 2016 WL 6518782, at *1 (M.D. Fla. Nov. 3, 2016). Regardless of which approach is taken in this case, GEICO has provided no information regarding either fees as of the time of removal or projected fees.

[2] GEICO does not attempt to rely on the coverage amounts in its policy to support the amount in controversy. MacQueen rejected uninsured/underinsured motorist coverage. (See Coverage Affidavit, Doc. 5-1; see also Doc. 5 at 6). MacQueen explains in her Motion for Remand that she brought suit against the other driver in California and that the law of California requires that a plaintiff be insured in order to recover noneconomic damages in California. She asserts that she brought this action for declaratory relief not to

3

It is **ORDERED** as follows:

1. Plaintiff's Motion for Remand (Doc. 5) is **GRANTED**.

2. The Joint Motion to Stay (Doc. 11) is **DENIED as moot**.

3. This case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Case No. 2016-CA-9830.

4. The Clerk shall close this file.

**DONE** and **ORDERED** in Orlando, Florida, on January 4th, 2017.

                                                                                                    _____
                                                                                                    JOHN ANTOON II
                                                                                                    United States District Judge

Copies furnished to:
Counsel of Record

---

recover money from GEICO but so that she can recover noneconomic damages in the California suit. Assuming for the sake of argument that the amount in controversy in the California suit bears on the amount in controversy here, GEICO has not provided any information regarding the amount at issue in the California suit.

4